UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER EMANUEL LOPEZ RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01662-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 27, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Also on that same day, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release. (Doc. No. 5.)

1

1  In support of his petition for writ of habeas corpus and motion for a temporary restraining
2  order, petitioner presents evidence of the following.
3  On February 15, 2024, petitioner was released from immigration detention on his own
4  recognizance pursuant to 8 U.S.C. § 1226.  (Doc. No. 2-3 at 4.)  That same day, petitioner was
5  issued a Notice to Appear for removal proceedings.  (*Id.* at 6.)  On January 14, 2026, when he
6  appeared for a scheduled appointment, petitioner was re-detained by ICE officers without clear
7  notice of the reason for his re-detention.  (Doc. No. 2-4 at 6.)
8  On February 20, 2026, respondents filed an opposition to petitioner's motion for
9  temporary restraining order.[1]  (Doc. No. 6.)  Respondents state therein that, "[t]he instant case
10 differs from *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083
11 (E.D. Cal. Nov. 21, 2025), in that according to ICE, Petitioner sustained multiple Alternatives to
12 Detention (ATD) violations."  (Doc. No. 6 at 2.)  Respondents do not provide supporting
13 documentation of the alleged ATD violations, nor do they state that this is a substantive
14 difference or provide any argument as to how this stated difference may lead to a different
15 outcome than that reached by this court in *Ayala Cajina*.[2]
16 The court therefore finds that its analysis in *Ayala Cajina* is not substantively different
17 from the current case, incorporates and adopts the reasoning set forth in that order, and finds that
18 petitioner's continued detention violates due process
19 /////
20 /////
21 /////

---

[1] Respondents state therein that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction, and that if the court is inclined to grant a preliminary injunction, judicial economy counsels that the court should also enter final judgement on the merits of the habeas petition.  (Doc. No. 6 at 2.)

[2] The court notes that the petitioner in *Ayala Cajina* was pending state criminal charges for driving under the influence of alcohol and driving without a license but ICE made intervening determinations that he could remain out of custody such that the pending charges did not constitute a change in circumstances justifying his re-detention.  2025 WL 3251083, at *2, 4.  In this regard, it is not clear that the alleged ATD violations here distinguish this case from *Ayala Cajina*.

2

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED and respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on January 14, 2026;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **March 3, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE